UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                      Plaintiff,<br><br>v.<br><br>0.56 ACRES OF LAND, MORE OR LESS, SITUATED IN THE CITY OF TECATE, SAN DIEGO COUNTY, STATE OF CALIFORNIA, AND ESTATE OF JOHN C. DONLEVY, et al.,<br><br>                                      Defendants. | Case No.:  20cv0428 DMS(KSC)<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

    This is an eminent domain action brought by the United States of America to acquire fee simple interest in a 303-foot-long section of California State Highway 188, also known as Tecate Road, consisting of approximately 0.56 acres of land in Tecate, California ("Subject Property").  The United States acquired title to the Subject Property on July 17, 2020 ("Date of Taking").  The Court granted the United States possession over the Subject Property on August 11, 2020.  (ECF No. 18.)  On April 22, 2024, the case came on for bench hearing to determine title and just compensation.  Scott Stemetski appeared for the United States.  There were no other appearances.

/ / /

/ / /

# I.

# FINDINGS OF FACT ON DETERMINATION OF TITLE

1. On the Date of Taking, the Subject Property's owners of record were Clara Donlevy ("Clara"), John C. Donlevy, Jr. ("John Jr."), and Barbara Jean Donlevy ("Barbara"). The Subject Property was owned subject to easements held by the State of California ("State"), County of San Diego ("County"), the San Diego Gas and Electric Company ("SDG&E"), and Pacific Bell, d/b/a AT&T California ("AT&T") (SDG&E and AT&T are referred to as the "Utility Companies").

2. Clara is deceased.

3. Clara was the wife of John Donlevy, Sr. ("John Sr.").

4. John Sr. is deceased.

5. John Jr. was the son of Clara and John Sr.

6. John Jr. married Edith Donlevy ("Edith").

7. Alice Woodside ("Alice") is the only child of John Jr. and Edith.

8. John Jr. is deceased.

9. Edith is deceased.

10. Alice is currently living.

11. Barbara had two children, Steven Shields ("Steven") and John Patrick Shields ("John Patrick").

12. Kelly Shields ("Kelly") is John Patrick's only child.

13. Barbara is deceased.

14. John Patrick is deceased.

15. Steven is currently living.

16. Kelly is currently living.

17. After the case was filed, the United States identified Alice, Steven, and Kelly as the currently living heirs of Clara, John Jr., and Barbara, the owners of record of the Subject Property as of the Date of Taking. Alice, Steven, and Kelly were added as parties to this action. (ECF Nos. 32, 35–36.)

18.     Alice, Steven, and Kelly later disclaimed their interest in the Subject Property by way of filings in this case.  (ECF Nos. 43, 46, 48.)

19.     The United States effected service by publication, pursuant to Fed. R. Civ. P. 71.1(d)(3)(B), on the Unknown Heirs of Clara and John Jr. ("Unknown Heirs")[1] and Barbara.  (ECF No. 14.)

20.     The United States also published notice of the April 22, 2024 hearing date in this case for the Unknown Heirs.  (ECF No. 33.)

21.     Prior to the Date of Taking, the State and County both held highway easements in the portion of the Subject Property over Tecate Road.

22.     The Utility Companies held utility easements over the Subject Property.[2]

23.     A planned project on the Subject Property would have affected a local shopping center located at 404 Tecate Road and owned by S&R Razooky, LLC ("Razooky").  (ECF No. 3-5.)  As a result, the United States originally included in this taking property interests appurtenant to the adjoining property located at 404 Tecate Road.  (ECF No. 3-5.)  The United States originally named Razooky as a party to this case.  (ECF No. 3-7.)

24.     After the filing of this case, Razooky and the United States stipulated to a revestment of Razooky's interest in the Subject Property, and the Court dismissed Razooky

///

---

[1] The original caption of this case identified the "Estate of John Donlevy" as a party to this action.  (ECF No. 1; *see* Fed. R. Civ. P. 71.1(c)(1) (caption in condemnation case must "name as defendants both the property . . . and at least one owner of some part of or interest in the property")).  The Unknown Heirs of John Donlevy Jr., named as parties to this action and served via publication, represent the Estate of John Donlevy as the interested parties in this matter.  (*See* ECF No. 1-9 (naming Unknown Heirs of John Jr. as parties); ECF No. 14 (proof of service on Unknown Heirs of John Jr. by publication)).

[2] AT&T was originally named as Southern California Telephone Co. ("SCTC").  (ECF No. 3-7.)  The United States substituted AT&T for SCTC in its First Amended Complaint.  (ECF No. 36.)

from this case. (ECF No. 56.) The United States moved to amend the complaint and Declaration of Taking to reflect the revestment of property. (ECF No. 59.[3])

25. The State, the County, and the Utility Companies were all added as parties to this case. (ECF No. 3-7.) Each of these parties either waived service or were served. (ECF Nos. 7, 11–12, 14–15.)

26. The State, the County, and the Utility Companies disclaimed their interests in the Subject Property. (ECF Nos. 9, 13, 38, 47.)

27. Each party known by the United States to have an interest in the Subject Property has disclaimed their interest or settled with the United States.

## II.

## FINDINGS OF FACT AS TO JUST COMPENSATION

28. The Subject Property consists of the final 303 feet ("Condemned Road") of Highway 188 before the road terminates at the United States-Mexico Border.

29. The United States condemned the Subject Property in connection with its operation of the adjacent Tecate Land Port of Entry and to aid in its efforts to secure the United States-Mexico Border.

30. As a result of the United States having revested the property interests condemned in 404 Tecate Road back to Razooky, the Subject Property consists solely of the Condemned Road.

31. After this taking, the public is entitled to the same level of access to the Condemned Road and the Tecate Land Port of Entry that the public enjoyed prior to this taking.

32. The United States is now obligated to operate and maintain the Condemned Road.

---

[3] As used hereafter, the term "Subject Property" does not include the interests in 404 Tecate Road revested as part of the settlement between the United States and S&R Razooky, LLC. (ECF No. 55.)

33. Neither the State nor the County need to replace the Condemned Road to serve their constituents.

34. Neither the State nor the County have any further obligation to maintain the Condemned Road following this condemnation.

35. Neither the State nor the County will incur any further costs related to the operation of the Condemned Road following this condemnation.

## III.
## CONCLUSIONS OF LAW

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1358.

2. Condemnation is an action *in rem* against the taken property itself. *United States v. 32.42 Acres*, 683 F.3d 1030, 1034 (9th Cir. 2012) (citing *A. W. Duckett & Co., Inc. v. United States*, 266 U.S. 149, 151 (1924)). Through these proceedings, the United States obtains clear title to the Subject Property and must justly compensate the owners of the property for the interests taken. *Id.*

3. The United States brought this case under the Declaration of Taking Act ("DT Act"), 40 U.S.C. § 3114 *et seq.*, and Federal Rule of Civil Procedure 71.1.

4. The United States acquired title to the Subject Property on July 17, 2020, the date it deposited its estimate of just compensation with the Court. 40 U.S.C. § 3114(b)(1); ECF No. 16.

5. Pursuant to 40 U.S.C. § 3114(a), the United States filed a Declaration of Taking that stated the authority and public purpose for the taking and described the property and estate to be acquired. ECF No. 3.

6. Under the DT Act, just compensation in this case "shall be determined and awarded in the proceeding and established by judgment." 40 U.S.C. § 3114(c)(1).

7. Compensation is due to any person who owned an interest in the condemned property at the time of the taking. *See Danforth v. United States*, 308 U.S. 271, 284 (1939).

/ / /

/ / /

8. Two issues remain for adjudication: (1) identification of the parties entitled to just compensation; and (2) determination of and entry of judgment for the amount of just compensation.

9. "In an action involving eminent domain under federal law, the court tries all issues, including compensation" unless a party demands a jury to decide compensation. Fed. R. Civ. P. 71.1(h)(1); *cf. United States v. Reynolds*, 397 U.S. 14, 18–19 (1970).

10. No defendant or other potential landowner filed an answer in this action.

11. No party has demanded a jury or lodged an objection to the taking. *See* Fed R. Civ. P. 71.1(e)(2), (h)(1)(B).

12. This Court held a hearing to determine just compensation on April 22, 2024.

13. No defendant appeared at the hearing or otherwise challenged the amount of just compensation deposited by the United States in this matter.

14. With no party demanding a jury in this matter, the Court must determine the proper parties to this action and the just compensation due in this case.

**A.     Determination of Title**

15. In federal condemnation cases, district courts must determine who held title to the property prior to the taking and are therefore entitled to share in the award of just compensation. *Bullen v. De Bretteville*, 239 F.2d 824, 830 (9th Cir. 1956), *rev'd on other grounds, Lacey v. Maricopa Cty.*, 693 F.3d 896, 925–28 (9th Cir. 2012); *see also United States v. 3 Acres*, No. 3:22-cv-1325, 2023 WL 2468955, at *2 (S.D. Cal. Mar. 10, 2023).

16. The United States takes no advocacy position on title matters; instead, it may aid the Court on title and distribution matters as amicus curiae. Fed. R. Civ. P. 71.1 advisory committee's note to 1951 amendments, Supp. Report ("[T]he distribution of the award is a matter in which the United States has no legal interest. . . . United States attorneys are expected to aid the court in such matters as amici curiae."); *see also 3 Acres*, 2023 WL 2468955, at *2. At the Court's request, the United States submitted proposed findings of fact and evidence relating to the Court's title determination in this case.

/ / /

17. Alice, Steven, and Kelly are the sole living heirs of Clara, John Jr., and Barbara, the recorded fee owners of the Subject Property on the date of taking.

18. Alice, Steven, and Kelly were the individuals entitled to assert the fee owners' interests in the Subject Property as of the Date of Taking and just prior to the passage of title to the United States.

19. The following parties had interests in the Subject Property prior to the Date of Taking and thus are the proper parties in this case entitled to share in the award of just compensation:

| Proper Party | Basis for Interest in Compensation |
| --- | --- |
| California Department of Transportation | 1972 Cal. Stat. Ch. 1216 p. 2352 § 30 |
| The County of San Diego | As holder of Easement dated January 7, 1935 and recorded January 17, 1935 at Page 155, Book 374.<br><br>Per Dedication and Acceptance of State Highway 188 as disclosed on Map No. 4771 and recorded on May 23, 1961 at Page 89253, Series 2, Book 1961. |
| AT&T California *f/k/a* Pacific Bell Telephone Company | As holder of Easement dated February 26, 1937 and recorded April 9, 1937 at Page 213, Book 637. |

| | |
|---|---|
| San Diego Gas & Electric Company (formerly known as San Diego Consolidated Gas & Electric Company) | As holder of Easement dated May 26, 1939 and recorded June 30, 1939 at Page 183, Book 918. As holder of Easement dated April 2, 1949 and recorded November 1, 1949 at Page 246, Book 3371. |
| Alice Woodside | Heir to Clara Donlevy and John C. Donlevy, Jr. and successor to their interests in grant deed dated February 15, 1941, and recorded February 18, 1941 at Page 134, Book 1143. |
| Steven Shields | Heir to Barbara Jean Donlevy and successor to her interest in grant deed dated February 14, 1945, and recorded December 27, 1945 at Page 290, Book 2010. |
| Kelly Shields | Heir to Barbara Jean Donlevy and successor to her interest in grant deed dated February 14, 1945, and recorded December 27, 1945 at Page 290, Book 2010. |

20. Each of these parties has filed a "Disclaimer of Interest" in this case. ECF Nos. 9, 13, 38, 43, 46, 47, 48. In each of these filings, these parties disclaimed any interest in the compensation to be awarded in this case. *Id.*

/ / /

/ / /

## B. Just Compensation

21. The United States must provide just compensation to the parties who held interests in the Subject Property prior to this condemnation. U.S. Const., amend. V; *Kirby Forest Indus., Inc. v. United States*, 467 U.S. 1, 9–10 (1984).

22. Such compensation is reduced to a judgment in condemnation proceedings. 40 U.S.C. §3114(c)(1).

23. "The property owner bears the burden of proving the value of the condemned land." *United States v. 4 Acres*, 175 F.3d 1133, 1140 (9th Cir. 1999).

24. Landowners may present evidence at a trial or hearing on the proper amount of just compensation even if they have not answered or appeared. Rule 71.1(e)(3).

25. "Just compensation . . . means in most cases the fair market value of the property on the date it is appropriated." *Kirby Forest*, 467 U.S. at 10; *see also California v. United States* ("*Naval Shipyard*"), 395 F.2d 261, 265 (9th Cir. 1968); *California v. United States* ("*San Francisco Tidelands*"), 169 F.2d 914, 923 & n.3 (9th Cir. 1948). The property taken is valued as encumbered. *Naval Shipyard*, 395 F.2d at 266–67 & n.12.

26. Public roads typically have only nominal market value, because they are normally narrow strips of land that have been solely and legally dedicated to use as roads, depriving them of market value except as thoroughfares. *See San Francisco Tidelands*, 169 F.2d at 924 (a public road "has no substantial value. It cannot be used for any purpose which will bring to the owner either profit or enjoyment.") (citing *Mayor and City Council of Baltimore v. United States*, 147 F.2d 786, 789–90 (4th Cir. 1945)); *see also United States v. Streets, Alleys & Pub. Ways in Vill. of Stoutsville*, 531 F.2d 882, 887 (8th Cir. 1976).

27. The same nominal market value applies to privately owned fee land underlying a public road easement. *See San Francisco Tidelands*, 169 F.2d at 924.; *see also United States v. 50 Acres* ("*Duncanville*"), 469 U.S. 24, 31–33 (1984) (holding that there are not separate rules of just compensation for public and private condemnees).

28. Deviation from the market-value measure of just compensation may be warranted in some cases, such as when the United States provides substitute facilities to

the landowner in lieu of paying the market value of the property. *See Duncanville*, 469 U.S. at 33; *see also, e.g.*, *United States v. 10.56 Acres*, No. 2:07-cv-1261, 2008 WL 3977614, at *2 (W.D. Wash. Aug. 22, 2008).

29. When the property taken is a street, just compensation often includes the provision of a substitute facility in the form of an alternate road. *Washington v. United States* ("*Hanford*"), 214 F.2d 33, 39 (9th Cir. 1954), *cert. denied*, 348 U.S. 862 (1954); *San Francisco Tidelands*, 169 F.2d at 924; *see also Vill. of Stoutsville*, 531 F.2d at 885.

30. However, "the federal government as condemnor . . . must furnish only substitute facilities that are reasonably necessary in the circumstances." *Vill. of Stoutsville*, 531 F.2d at 885; *see also United States v. 1.57 Acres*, No. 3:12-cv-3055, 2015 WL 5254558, at *2 (S.D. Cal. Sep. 9, 2015).

31. If a federal taking of property owned by a state or local entity does not make it necessary for the state or locality to replace the road, or for the condemnor to provide another substitute facility, then the United States need only pay nominal compensation. *Hanford*, 214 F.2d at 39–44 (affirming the trial court's award of $1 as nominal just compensation for the United States' taking of a state road where replacement highway was not necessary); *San Francisco Tidelands*, 169 F.2d at 924, 926 (same).

32. In this case, the United States has only[4] condemned a portion of a public road.

33. Only nominal compensation is required in this case because a substitute road is unnecessary. The Condemned Road remains open to the public. The United States is now obligated to operate and maintain the Condemned Road. Neither the State nor the County need to replace, maintain, or incur costs related to the Condemned Road to serve their constituents.

///

---

[4] The United States previously condemned separate interests in the shopping center adjacent to Tecate Road but has revested that interest back to the shopping center owner, Razooky. ECF No. 55.

34. The Condemned Road is a long, narrow strip of land that was already encumbered with a highway easement when condemned, so there is no viable alternative purpose for the Condemned Road that could give it anything more than nominal market value.

35. Nominal compensation in the amount of $1.00 constitutes just compensation for this taking.

36. Each known party named by the United States in this case has disclaimed all interests in the award of just compensation in this matter.

37. Judgment will be entered by separate order of the Court in the amount of $1.00 against the United States and in favor of the Unknown Heirs of Clara Donlevy and John C. Donlevy, Jr.

38. The United States deposited $1.00 in the Court's registry in this matter.

39. The United States' deposit satisfied the judgment to be entered in this case.

40. This money shall not be withdrawn from the Court's registry except by order of the Court. 28 U.S.C. § 2042.

41. The parties identified in Paragraph 37 above and awarded judgment in this case may, by application, seek to withdraw the $1.00 from the Court's registry.

42. If this amount has remained so deposited for at least five years from the date of judgment unclaimed by the parties identified in Paragraph 37 above, the Court shall cause such money to be deposited in the Treasury in the name and to the credit of the United States. Any claimant entitled to any such money may, on petition to the court and upon notice to Counsel for the United States and full proof of the right thereto, obtain an order directing payment to him. 28 U.S.C. § 2042.

///
///
///
///
///

43. Because the United States paid the full amount of just compensation into the Registry of the Court, no interest is awarded in this matter. *See* 40 U.S.C. §§ 3114(c)(1), 3116.

**IT IS SO ORDERED**.

Dated: April 22, 2024

_____
Hon. Dana M. Sabraw, Chief Judge
United States District Court